IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

RONALD L. JESTES, JR. )
) No. 2-11-0059
v. )
)
SAXON MORTGAGE SERVICES, INC.; )
and OCWEN LOAN SERVICING, LLC )

O R D E R

As a housekeeping matter, the plaintiff's motions for leave to file replies (Docket Entry Nos. 17 and 21) are GRANTED.

The Clerk is directed to file and docket the plaintiff's reply (Docket Entry No. 17-1) to the defendant's response (Docket Entry No. 16) to the plaintiff's motion to compel (Docket Entry No. 14/15), and to file and docket the plaintiff's reply (Docket Entry Nos. 20-1 and 20-2) to the defendant's response (Docket Entry No. 19) to the plaintiff's motion to amend his complaint (Docket Entry No. 18).

In accord with the order entered August 10, 2012 (Docket Entry No. 28), a status conference was held on August 13, 2012, at which time the following matters were addressed:

1. The plaintiff's motions to compel (Docket Entry No. 14 and 15)[1] were GRANTED in part and DENIED in part as provided herein.

2. The motion of defendant Saxon Mortgage Services, Inc. ("Saxon") motion to amend scheduling order (Docket Entry No. 25) was GRANTED as provided herein.

3. A telephone conference call with counsel for the parties and the Court was scheduled and held on August 15, 2012, to address whether the plaintiff wanted to pursue his motion to amend the complaint (Docket Entry No. 18), at which time plaintiff's counsel advised that he did and counsel for defendant Saxon withdrew his opposition to the motion to amend, and, by order entered

---

[1] The two motions are identical. The plaintiff filed the second motion to compel (Docket Entry No. 15) on behest of the Clerk because the plaintiff had not labeled or described the one attachment (the Local Rule 37.01 statement) when the motion was filed.

August 17, 2012 (Docket Entry No. 29), the plaintiff was granted leave to file an amended complaint naming Ocwen Financial Loan Servicing, LLC ("Ocwen") as an additional defendant in this case. On August 17, 2012, the plaintiff filed an amended complaint (Docket Entry No. 30).

Counsel for defendant Ocwen has now entered an appearance and filed an answer to the amended complaint (Docket Entry Nos. 33-34).

Therefore, in accord with the August 17, 2012, order, a case management conference is scheduled on **Thursday, October 11, 2012, at 3:00 p.m.,** in Courtroom 764, U.S. Courthouse, 901 Broadway, Nashville, TN.

Prior to the case management conference, using the case management orders entered August 1, 2011 (Docket Entry Nos. 8-9), as a foundation, counsel for the plaintiff and both defendants shall confer, prepare, and file a joint revised case management order, which shall include, inter alia, the plaintiff's theory of its claims against defendant Ocwen and Ocwen's theories of its defense, and revised scheduling deadlines.

In consultation with the Honorable Kevin H. Sharp, the pretrial conference and trial, scheduled by order entered August 1, 2011 (Docket Entry No. 9), on November 5, 2012, and November 27, 2012, respectively, were CANCELLED, to be rescheduled after the case management conference provided above.[2]

    4.      On August 13, 2012, the following rulings were made on the plaintiff's motion to compel:

        a.      The defendant was directed respond to plaintiff's interrogatory no. 21, by producing any written policies and procedures relating to the frequency and the time of day for making

---

[2] Extended deadlines of September 13, 2012, for the defendant to serve expert disclosures, October 12, 2012, for the plaintiff to serve supplemental and/or rebuttal expert disclosures, November 12, 2012, for the completion of expert discovery, and December 14, 2012, for filing any dispositive motion were established in the event that the plaintiff did not file an amended complaint naming Ocwen. However, the scheduling deadlines will be revisited now that Ocwen has entered an appearance.

telephone calls to the plaintiff, and any protocol or required "script" for any employee to follow in telephone conversations with the plaintiff.

  b. The defendant was not required to respond to the plaintiff's interrogatory no. 23, seeking the identification of lawsuits filed against the defendant asserting allegations of negligent servicing and/or violations of the FDCPA or RESPA from 2008, with disposition of the cases.

  It appeared to the Court that plaintiff's counsel would be able to conduct a national PACER search using Nature of Suit code #220 (foreclosure), #290 (other real property), #190 (other contract), or other nature of suit code chosen by plaintiff's counsel, and thus would be able to discover most, if not, all of such cases filed in or removed to federal courts throughout the country.

  c. The defendant was not required to respond to plaintiff's request for production no. 5, which requested documents showing funds received from the federal government relating to the plaintiff's loan.

  Although the plaintiff maintained that the defendant has not used federal funds earmarked for HAMP remodification loans for that purpose, the Court found that what the defendant did with federal funds was beyond the scope of this case.

  d. The defendant was directed to respond to request for production no. 16, by producing the version of the HAMP handbook used in processing the plaintiff's application for a loan modification.

  e. The defendant was not required to respond to plaintiff's request for production no. 18, which requested documentation of size, staffing or organizational structure of the department that administers HAMP loan modifications.

  Although the plaintiff alleges that the defendant failed to properly staff, train and manage its employees who dealt with the plaintiff, the Court found that the plaintiff's request for "flow chart" type documents is too attenuated to the claims in this case to require the defendant to produce such information.

f. The defendant was directed to respond to request for production no. 19 by producing any internal polices or procedures for administering and/or underwriting HAMP loan remodifications in effect from August 2009, through April of 2010.

If requested by the defendant, the parties shall file an agreed protective order to protect the confidentiality and proprietary nature of any such documents and the dissemination thereof.

g. The defendant was not required to respond to request for production no. 21, which requested documents related to the defendant's net worth for 2009-2012. If any claims for punitive damages remain in this case, the defendant shall be prepared to produce financial information in short order after the resolution of any dispositive motion filed by the defendant dismissing any claims that would potentially entitle the plaintiff to punitive damages or after the deadline for filing dispositive motions has passed and no such motion has been filed.

The Clerk is directed to forward the file in this case to the Honorable Kevin H. Sharp for his consideration of defendant Saxon's motion to exclude plaintiff's experts and accompanying memorandum (Docket Entry Nos. 21-22), and the plaintiff's response in opposition (Docket Entry Nos. 23-24).

Any party desiring to appeal any order of the Magistrate Judge may do so by filing a motion for review no later than fourteen (14) days from the date of service of the order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. See Rule 72.02(b)(1) of the Local Rules of Court and Rule 72(a) of the Federal Rules of Civil Procedure.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge