IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

RONALD L. JESTES, JR.,            )
                                  )
    Plaintiff,                    )
                                  )
v.                                )   Case No. 2:11-cv-00059
                                  )
SAXON MORTGAGE SERVICES, INC.,    )
and OCWEN LOAN SERVICING, LLC     )
                                  )
    Defendants.                   )

## REVISED CASE MANAGEMENT ORDER

Pursuant to LR 16.01(d), the following Initial Case Management Plan is adopted.

**1. Jurisdiction:**

The court has jurisdiction pursuant to RESPA, 12 USC 2601, et seq. and FDCPA, 15 USC 1692, et seq. The court has supplemental jurisdiction over Plaintiff's state law claims.

**2. Nature of Proceeding**

Plaintiff brings this action pursuant to alleged violations of RESPA and FDCPA and claims of common law negligence including the Tennessee Consumer Protection Act in the servicing of his mortgage loan which led to damages as stated in the complaint.

**3. Status of Responsive Pleadings:**

Defendants have answered the Amended Complaint. Ocwen has not yet filed its corporate disclosure statement.

**4. Plaintiff's theory of the case:**

This cause of action arises out negligent and reckless servicing of the Plaintiff's home

mortgage loan including violations of RESPA and the FDCPA which resulted in damages to include but not limited to severe emotional distress, credit damage, attorney's fees, fines and penalties arising out of RESPA and FDCPA violations and as set out in the complaint.

5. **Defendants' theory of the case:**

Defendant Saxon denies that Plaintiff is entitled to any damages or relief arising out of the servicing of the loan by Saxon. Plaintiff defaulted on the Note and Deed of Trust in January 2009. After Plaintiff's default, Saxon worked with Plaintiff on loss mitigation options but ultimately, those efforts were unsuccessful because of Plaintiff's failure to provide the required documentation. Despite Plaintiff's continued delinquency, Plaintiff was considered for and offered an alternative modification in November 2010. Plaintiff declined the alternative modification because he could not afford the payments. Because of Plaintiff's failure to resolve the delinquency on the loan account, the account was referred for foreclosure in February 2011. Saxon is not liable under the FDCPA because it is not a "debt collector" as defined by the act; is not liable under RESPA because it provided responses to Plaintiff's requests and Plaintiff has not alleged any actual damages resulting from alleged RESPA violations; is not liable for negligent servicing because there is no legal duty for a servicer to provide a loan modification and because Plaintiff declined the loan modification that was offered; and is not liable under the TCPA because the act does not apply to foreclosure activities. Further, Plaintiff cannot recover for emotional distress because the facts do not support a claim for outrageous conduct and Plaintiff has not suffered a serious mental injury as a result of any conduct by Saxon.

Defendant Ocwen was not involved in the majority of the allegations in the Amended Complaint. Ocwen denies that it violated RESPA or the FDCPA in any way.

6. **Identification of the issues:**

Defendants dispute liability and damages. Saxon's motion to exclude the testimony of Plaintiff's experts Dean Bind and Christopher Wyatt is pending.

7. **Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure:**

Whether there is a need to amend the complaint is not known at this time. Any motion to amend the pleadings shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery.

8. **Witnesses, if known, subject to supplementation for each party.**

Witnesses for Plaintiff may consist of Plaintiff and wife, April Jestes and depending on what written discovery reveals.

Witnesses for Defendant Saxon may consist of Eddie Tovar, and expert witnesses to be disclosed pending a decision on Saxon's motion to exclude Plaintiff's expert witnesses. Saxon reserves the right to identify additional individuals as its investigation and discovery progress.

Defendant Ocwen does not yet know all possible witnesses in this case, but will disclose the identities of these individuals through written discovery and pursuant to the Local Rules.

9. **Stay of Discovery**

There is no reason to stay discovery.

10. **Initial Disclosures:**

Initial Rule 26(a) disclosures by Ocwen Loan Servicing, LLC (Ocwen) shall be made within 30 days of October 11, 2012. Initial disclosures with regard to Defendant Ocwen should include their file which includes all non-privileged electronic and written communications or other documentation of the mortgage file and HAMP modification file of Plaintiff and all recorded conversations with Plaintiff and any other relevant documents.

11. **Discovery**

a. All fact discovery shall be completed on or before May 10, 2013. Written discovery requests shall be served by all parties by December 14, 2012 and answered within 30 days following service. Interrogatories are limited to 40 interrogatories.

b. Depositions of fact witnesses shall be completed by the fact discovery deadline.

c. Depositions for proof at trial shall be completed by July 31, 2013.

d. Experts for Plaintiff have been disclosed pursuant to the previous scheduling order with Saxon. Plaintiff may amend his expert reports as to any claims against Ocwen by December 11, 2012. Defendants' experts, if any, shall be disclosed no later than March 15, 2013.

e. Prior to filing any discovery-related motion, the parties will schedule and conduct a telephone conference with the Magistrate Judge.

12. **Dispositive motions:**

Dispositive motions shall be filed by June 5, 2013. Responses shall be filed within twenty-eight (28) days after the date the motion is filed. Replies shall be filed within fourteen (14) days after the response is filed. If dispositive motions are filed earlier, the response and reply dates are moved up accordingly. The motion and response memoranda are limited to twenty (20) pages and the reply is limited to five (5) pages, absent Court permission for longer pleading.

13. **Other deadlines:**

Motions to amend the complaint or answer shall be filed by January 11, 2013,

unless good cause is shown why an amendment to the Pleadings should be sought thereafter.

14. **Subsequent case management conferences:**

A subsequent case management conference shall take place on March 20, 2013, at 10:00 a.m.

15. **Alternate dispute resolution**

The parties shall be prepared to address whether they are interested in mediation or settlement conference on March 20, 2013, or the parties may schedule an in-court proceeding or conference call prior thereto.

16. **Target trial date:**

Trial is set on October 22, 2013. The plaintiff estimates that the trial will last 5-8 days. The defendants estimate that the trial will last 4-5 days.

It is so **ORDERED**:

_____
Magistrate Judge Griffin

Respectfully submitted,

**BRADLEY ARANT BOULT CUMMINGS LLP**

By: /s Joshua J. Phillips
    Christopher E. Thorsen (No. 021049)
    Joshua J. Phillips (No. 025636)
    1600 Division Street, Suite 700
    Nashville, Tennessee 37203
    P: (615) 244-2582
    F: (615) 252-6380
    cthorsen@babc.com
    jphillips@babc.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded via the Court's ECF system to the following on October 9, 2012:

Christopher Kim Thompson
Charles W. Faquin
Thompson Law Group, PLLC
301 South Perimeter Park Drive
Suite 218
Nashville, Tennessee 37211
P: (615) 832-2335
F: (615) 832-2235
Kthomspon@tlgpllc.com

Elizabeth B. McCostlin
Baker Donelson, Bearman, Caldwell & Berkowitz, PC
Baker Donelson Center, Ste. 800
211 Commerce St.
Nashville, TN 37201
P: (615) 726-5646
emccostlin@bakerdonelson.com

                                                   s/ Joshua J. Phillips