IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

RONALD L. JESTES, JR. )
         ) No. 2-11-0059
v. )
         )
SAXON MORTGAGE SERVICES, INC.; )
and OCWEN LOAN SERVICING, LLC )

O R D E R

By contemporaneously entered order, the Court has approved and entered the parties' revised proposed case management order (Docket Entry No. 38), with modifications addressed at the case management conference held on October 11, 2012, pursuant to the order entered September 21, 2012 (Docket Entry No. 35). Those modifications and other matters addressed on October 11, 2012, are as follows:

    1.    The portion of the motion of defendant Saxon to amend scheduling order to extend the time for the defendant to disclose experts and for expert discovery (Docket Entry No. 21) is GRANTED, as provided below. However, the portion of the motion seeking to exclude the testimony of the plaintiff's experts remains pending.

    2.    Any motion to amend the pleadings shall be filed by January 11, 2013.

    3.    Counsel for defendant Ocwen Loan Servicing, LLC ("Ocwen") represented that she would review responses to written discovery and deposition transcripts to determine what additional discovery was necessary and that she did not intend to nor does the Court expect that defendant Ocwen would engage in unnecessary, duplicative discovery in addition to the discovery already conducted in the case before Ocwen was named as a defendant.

If disputes arise between the plaintiff and the defendants about whether or not discovery sought by Ocwen is unnecessarily duplicative, counsel for the parties may call the office of the Magistrate Judge to schedule a hearing--in person or telephonically.

    4.    All fact discovery shall be completed by May 10, 2013.

5. The defendants shall have until March 15, 2013, to serve expert disclosures in accord with Rule 26(a)(2) of the Federal Rules of Civil Procedure.[1]

6. The plaintiff shall have until April 15, 2013, to serve supplemental and/or rebuttal expert disclosures.

7. All expert disclosures shall be completed by May 10, 2013.

8. Any discovery motion shall be filed by May 10, 2013.

9. Any dispositive motion shall be filed by June 5, 2013.[2] Any response shall be filed within 28 days of the filing of the motion or by July 3, 2013, if the motion is filed on June 5, 2013. Any reply, if necessary, shall be filed within 14 days of the filing of the response or by July 17, 2013, if the response is filed on July 3, 2013.

No other filings in support of or in opposition to any dispositive motion shall be filed after July 17, 2013, except with the express permission of the Honorable Kevin H. Sharp.

No memoranda in support of or in opposition to any dispositive motion shall exceed twenty (20) pages.

10. A further case management conference is scheduled on **Wednesday, March 20, 2013, at 10:00 a.m.,** in Courtroom 764, U.S. Courthouse, 801 Broadway, Nashville, TN., to address the status of discovery, any discovery issues, whether there is any potential for settlement, and any other appropriate matters.

---

[1] The plaintiff objected to allowing defendant Saxon additional time to serve expert disclosures since the deadline had passed. Although defendant Saxon filed a motion to extend the deadline before it passed, the motion was not ruled on at that time. It was the plaintiff's position that simply filing a motion to exclude the plaintiff's experts was not tantamount to an automatic extension of time for the defendant to disclose experts, absent court order. However, since defendant Ocwen will now have the opportunity to serve expert disclosures, the Court extended the time for defendant Saxon to serve expert disclosures. On the other hand, the Court did not adopt the procedure proposed by defendant Saxon that would have triggered disclosure and discovery deadlines from the date the Court ruled on the motion to exclude. Instead, the Court extended deadlines to specific dates.

[2] For the same reasons addressed in n.1 supra, the plaintiff also objected to extending the time for defendant Saxon to file any dispositive motion since that deadline has passed.

In consultation with Judge Sharp's office, a jury trial is now scheduled on **Tuesday, October 22, 2013,** in the Cookeville Courthouse, 9 East Broad Street, Cookeville, TN. The plaintiff estimates that the trial will last 5-8 days. The defendants estimate that the trial will last 4-5 days.

The pretrial conference is now scheduled on **Monday, October 7, 2013, at 3:00 p.m.,** in the Cookeville Courthouse.

The parties' obligations prior to the pretrial conference will be set forth by order entered closer to the trial date.

Any party desiring to appeal any order of the Magistrate Judge may do so by filing a motion for review no later than fourteen (14) days from the date of service of the order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. See Rule 72.02(b)(1) of the Local Rules of Court and Rule 72(a) of the Federal Rules of Civil Procedure.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge