IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

RONALD L. JESTES, JR.　　　　　)
　　　　　　　　　　　　　　　　)　　No. 2-11-0059
v.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
SAXON MORTGAGE SERVICES, INC.;　)
and OCWEN LOAN SERVICING, LLC　 )

O R D E R

　　　　Pursuant to the order entered March 19, 2013 (Docket Entry No. 60), a case management conference was held on April 4, 2013, at which time the following matters were addressed:

　　　　1.　　The plaintiff's motion to modify case management order and to amend the complaint for a second time (Docket Entry No. 51) was DENIED, except to the extent that the May 10, 2013, deadline for completion of discovery is extended to May 31, 2013.

　　　　2.　　All other deadlines, provided in the orders entered October 17, 2012 (Docket Entry Nos. 41-42), remain in full force and effect.

　　　　3.　　Although the defendants made cogent arguments in court and in their responses (Docket Entry Nos. 55 and 59) in opposition to the plaintiff's motion to amend, the Court could not unequivocally find that the additional claims asserted in the plaintiff's proposed amended complaint (Docket Entry Nos. 51-8 and 51-8 through 51-15) would not withstand a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court further found that, although the motion to amend was filed over a month after the January 11, 2013, deadline for filing any motions to amend, the plaintiff was not aware of the factual basis for the amended complaint until after the deadline. Specifically, defendant Ocwen Loan Servicing, LLC ("Ocwen") did not respond to the plaintiff's written discovery until January 22, 2013, at which time defendant Ocwen represented that the promissory note had been lost.

　　　　Plaintiff's counsel represented that the plaintiff would need to take 3-4 additional depositions in Florida and serve additional written discovery on defendant Ocwen. Although not specifically

alleged in the proposed amended complaint, plaintiff's counsel has also represented that the signatures of the affiant and notary public on the affidavit of lost note (Docket Entry No. 59-1) appear to be forgeries, raising the specter of additional handwriting experts. In addition, defendants' counsel indicated that, if the plaintiff were granted leave to file the amended complaint, they would need to serve additional written discovery and might need to re-depose the plaintiff.

Whatever the merit or lack of merit of the plaintiff's new claims in the proposed amended complaint, the Court found that there was simply insufficient time for the parties to engage in the discovery they represent to be necessary. Even though the discovery deadline has been extended to May 31, 2013, there is still insufficient time to take the additional discovery that would be necessitated by the plaintiff's proposed amended complaint. Discovery deadlines cannot be further extended in light of the June 5, 2013, deadline for filing dispositive motions, and the deadlines for filing and briefing any dispositive motion cannot be extended in light of the October 22, 2013, trial and in compliance with Local Rule 16.01(d)(2)(f).

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be "freely given when justice so requires." The United States Supreme Court has held that leave to amend should be granted unless there is: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party if the amendment were granted; (5) futility of the amendment; or (6) other "declared or apparent reasons." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). See also Brumbalough v. Camelot Care Ctrs., Inc., 427 F.3d 996, 1001 (6th Cir. 2005); Perkins v. American Elec. Power Fuel Supply, Inc., 246 F.3d 593, 605 (6th Cir. 2001) (citing General Elec. Co. v. Sargent & Lundy, 916 F.2d 1119, 1130 (6th Cir. 1990)).

The Court of Appeals for the Sixth Circuit has consistently held that Rule 15(a) requires that amendments are to be granted with liberality. See, e.g., Interroyal Corp. v. Sponseller, 889 F.2d 108 (6th Cir. 1989), cert. denied sub nom, Superior Roll Forming Co. v. Interroyal Corp., 494 U.S. 1091, 110 S.Ct. 1839, 198 L.Ed.2d 967 (1990); Moore v. City of Paducah, 790 F.2d 557 (6th Cir. 1986);

Howard v. Kerr Glass Manuf. Co., 699 F.2d 330 (6th Cir. 1983). The significant factor to consider in determining whether a motion to amend should be denied is the degree of prejudice to the defendants if the amended complaint were to be granted, Hageman v. Signal L. P. Gas, Inc., 486 F.2d 479 (6th Cir. 1973), and the corollary factor of whether the defendants have been on notice of the possibility of an amendment, or alternatively, whether the proposed amendment is a surprise to the non-moving party. Moore v. City of Paducah, supra; Howard v. Kerr Glass Manuf. Co., supra. See also Wade v. Knoxville Utilities Bd., 259 F.3d 452, 458-59 (6th Cir. 2001); Davis v. Piper Aircraft Corp., 615 F.2d 606 (4th Cir. 1980). Delay, by itself is not a basis for denial of a motion to amend, without some significant showing of prejudice to the non-moving party. United States v. Wood, 877 F.2d 453, 456 (6th Cir. 1989); Head v. Jellico Hous. Auth., 870 F.2d 1117, 1123 (6th Cir. 1989); Moore, 790 F.2d at 562; Hageman, 486 F.2d at 484. However, the Sixth Circuit has also held that amendments should be denied if such amendments would be futile and would not withstand a motion to dismiss. See Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 633 (6th Cir. 2009); Miller v. Calhoun County, 408 F.3d 803, 817 (6th Cir. 2005); Crawford v. Roane, 53 F.3d 750, 753 (6th Cir. 1995); Thiokol Corp. v. Department of Treasury, 987 F.2d 376 (6th Cir. 1993); Marx v. Centran Corp., 747 F.2d 1536, 1550 (6th Cir. 1984); Development Corp. v. Advisory Council on Historic Preservation, 632 F.2d 21, 23 (6th Cir. 1980).

In addition, when a party seeks to amend in the later stages of a case, the moving party bears "an increased burden to show justification for failing to move earlier." Wade, 259 F.3d. at 459. See also Bridgeport Music, Inc. v. Dimension Films, 383 F.3d 390, 403 (6th Cir. 2004); Leary v. Daeschner, 349 F.3d 888, 904-909 (6th Cir. 2003); Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002); Parry v. Mohawk Motors of Mich., Inc., 236 F.3d 299, 306-07 (6th Cir. 2000); Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 834 (6th Cir. 1999).

The liberality of Rule 15 does not operate in a vacuum and is tempered by Rule 16 and the need for management of cases in accord with scheduling deadlines. See Leary, 329 F.3d at 906-909 (addressing intersection of "Rule 15's liberal amendment mandate and Rule 16's good cause

3

requirement"). When, as in this case, the proposed amended complaint would threaten the trial date and prejudice the defendants by not only requiring additional discovery but also causing delay in the trial, Rule 16 must trump Rule 15.

4. Counsel for the parties represented that they have broached the possibility of engaging in private mediation or a settlement conference before completing discovery.

Therefore, counsel shall convene a telephone conference call with the Court on **Tuesday, April 9, 2013, at 2:00 p.m.,** to address whether the parties want to participate in some form of ADR, and, if so, whether they want to participate in private mediation or a judicially hosted settlement conference and with whom and when. Counsel for defendant Saxon has circulated a call-in number for counsel and the Court to use.

Any party desiring to appeal any order of the Magistrate Judge may do so by filing a motion for review no later than fourteen (14) days from the date of service of the order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. See Rule 72.02(b)(1) of the Local Rules of Court and Rule 72(a) of the Federal Rules of Civil Procedure.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge